UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.: 1:22-cv-22319

YCM ACQUISITION LLC
d/b/a/ TURNBERRY MARINA,

        Plaintiff,

vs.

M/Y DELIA, a 1991 62-foot J. Nautic Marine motor yacht bearing Official No. 735669, Call Sign ZCIQ5, her engines, tackle, and appurtenances, *in rem*,

        Defendant.
_____/

## VERIFIED COMPLAINT *IN REM* TO ENFORCE MARITIME LIEN FOR NECESSARIES

Plaintiff, YCM ACQUISITION LLC ("YCM"), by and through undersigned counsel, sues Defendant vessel M/Y DELIA bearing Official No. 735669 (the "Vessel" or "M/Y Delia") her engines, tackle, appurtenances, etc., *in rem*, and alleges:

1. This is a maritime lien foreclosure action to collect money for necessaries provided to the *in rem* Defendant Vessel pursuant to the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §31301, *et. seq.*

2. This claim is within the Court's admiralty jurisdiction pursuant to 28 U.S.C. §1333.

3. This is an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h).

4. This is an *in rem* action pursuant to Supplemental Rule C and Local Admiralty Rule C.

5. At all material times, Plaintiff YCM was and is a Florida company authorized to transact business in Florida.

6. YCM, doing business as Turnberry Marina, operates a yacht club and marina providing dockage to vessels at 19735 Turnberry Way, Aventura, Florida.

7. M/Y *Delia* is, and during the pendency of this action will be, within this District, and within the jurisdiction of this Court.

8. In particular, the Vessel is currently located at Plaintiff's marina at 19735 Turnberry Way, Aventura, Florida 33180.

9. On or about December 16, 2019 through the present date, on order of the owner of the M/Y *Delia*, YCM provided dockage services to the Vessel and continues to provide such dockage at present.

10. The M/Y *Delia*, through its owner, signed the dockage agreement attached as Exhibit "1."

11. YCM has not received any payment for M/Y *Delia's* dockage from May 2021 through the present date.

12. Unpaid dockage fees are as follows:

| Date | Invoice Number | Amount |
|---|---|---|
| 5/3/2021 | 2022-3-6166 | $4,429.80 |
| 6/2/2021 | 2022-3-6277 | $4,429.80 |
| 7/1/2021 | 2022-3-6398 | $4,429.80 |
| 8/3/2021 | 2022-3-6519 | $4,613.76 |
| 9/1/2021 | 2022-3-6640 | $4,460.32 |
| 10/19/2021 | 2022-3-6834 | $4,464.66 |
| 11/15/2021 | 2022-3-6953 | $4,454.30 |
| 12/15/2021 | 2022-3-7075 | $4,453.80 |
| 1/1/2022 | 201312226DF | $4,429.80 |
| 2/1/2022 | 201312227DF | $4,429.80 |
| 3/1/2022 | 201312228DF | $4,429.80 |
| 4/1/2022 | 201312229DF | $4,429.80 |
| 5/1/2022 | 43074 | $4,429.80 |
| 6/1/2022 | 43075 | $4,429.80 |
| 7/1/2022 | 070122 | $4,429.80 |
|  | **TOTAL** | $66,744.84 |

13. True and correct copies of the unpaid invoices are attached as Composite Exhibit "2."

14. The dockage service furnished by YCM to the M/Y *Delia* creates a maritime lien in favor of YCM and against the M/Y *Delia*.

15. The Commercial Instruments and Maritime Lien Act states that "a person providing necessaries to a vessel on the order of the owner -- (1) has a maritime lien on the vessel; (2) may bring a civil action in rem to enforce the lien; and (3) is not required to allege or prove in the action that credit was given to the vessel." 46 U.S.C. §31342(a)(1)-(3).

16. On April 27, 2022, YCM demanded payment from the owner of the Vessel for its outstanding dockage fees in the amount of $53,455.44, but that amount remains unpaid. The correspondence is attached as Exhibit "3."

17. Furthermore, the M/Y *Delia* remains at YCM's marina, incurring dockage at the rate of $4,140 per month plus sales tax, which remains unpaid from May 3, 2021.

18. The total amount due at the time of filing the Complaint is $66,744.84.

19. The Vessel has failed to pay the overdue charges for the necessaries provided by YCM.

20. The Vessel continues to incur dockage expenses every day.

21. In this District, the right to proceed against the Vessel directly includes the lienholder's "right to appropriate the vessel, have it sold, and be repaid from the proceeds." *P&L Towing & Transp., Inc. v. M/V GAR-DEN S*, 1:21-CV-23062, 2022 WL 1812386, at *6 (S.D. Fla. May 13, 2022), *report and recommendation adopted sub nom. P & L Towing & Transp., Inc. v. M/V Gardens*, 21-23062-CIV, 2022 WL 1801235 (S.D. Fla. June 2, 2022); *Harris v. M/V FATHOMS O'FUN*, No. 10-62038-CV, 2011 WL 13319377, at *3 (S.D. Fla. July 18, 2011), report and recommendation adopted, No. 10-62038-CIV, 2011 WL 13319373 (S.D. Fla. Aug. 18, 2011).

22. YCM is entitled to recover from the *in rem* Defendant, M/Y *Delia*, the sum of $66,744.84, plus additional dockage incurred prior to the arrest, along with pre-judgment interest on the unpaid balance, *custodia legis* expenses for the Vessel while it is under arrest, and the costs of this proceeding which includes, but is not limited to, the U.S. Marshal's fees and court filing fee.

**WHEREFORE,** Plaintiff respectfully requests:

a. That a Warrant for Arrest *in rem* issue against M/Y *Delia* and that all persons claiming any interest therein may be cited to appear and answer the matters aforesaid;

b. That Plaintiff be decreed to have a lien upon the *in rem* Defendant M/Y *Delia* and that such lien be foreclosed in accordance with law and thereupon that the Vessel be condemned and sold in payment of the damages suffered by the Plaintiff;

c. That judgment be entered in the Plaintiff's favor for all damages, pre- and post-judgment interest, and such other relief as the Court deems just; and

d. That Plaintiff be permitted to credit bid its judgment against the Vessel at a U.S. Marshal's sale.

Dated: July 25, 2022

    Respectfully submitted,

    NOTARI LAW, P.A.
*Attorney for Plaintiff*
1820 SW 14th Court
Fort Lauderdale, Florida 33312
Telephone: (954) 257-9028
Fax: (954) 231-1128

By: /s/ *Adria G. Notari*
**ADRIA G. NOTARI**
Florida Bar No. 87272
E-mail: anotari@NotariLaw.com

## VERIFICATION

1. I, Sheryl Kass, am the authorized representative of Turnberry Marina, owned by YCM Acquisition LLC, which is the Plaintiff in the captioned action.

2. I have read the foregoing Complaint and am familiar with its contents, which are true to the best of my information and belief.

3. The sources of my information and the grounds of my belief are derived from my personal knowledge acquired in the ordinary course of business at Turnberry Marina and working on matters for or related to Turnberry Marina.

Pursuant to 28 U.S.C. §1746(2), I verify under penalty of perjury that the foregoing is true and correct.

Executed on July __25__, 2022.

_____
Sheryl Kass
Authorized Representative of YCM Acquisition LLC